**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION


UNITED STATES OF AMERICA　　　　\*
　　　　　　　　　　　　　　　　\*
　　　　　　　　　　　　　　　　\*
VS.　　　　　　　　　　　　　　\*
　　　　　　　　　　　　　　　　\*　　　　NO: 4:08CR00061   SWW
　　　　　　　　　　　　　　　　\*
ANTHONY WALTER CHANDLER　　\*　　　　NO: 4:11cv00636 SWW
　　　　　　　　　　　　　　　　\*
　　　　　　　　　　　　　　　　\*


**<u>ORDER</u>**

　　　　Defendant Anthony Walter Chandler pleaded guilty to knowing possession of a machine

gun in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(B)(ii), and the Court

sentenced him to a term of  30 years' imprisonment.  Now before the Court is Defendant's

motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (docket entry

#187), the Government's response in opposition (docket entry #193), and Defendant's reply

(docket entry #197).  After careful consideration, and for the reasons that follow, the Court finds

that the motion should be denied.[1]

　　　　The six-count, second superseding indictment filed in this case charged Defendant as

follows:  Count One, conspiracy to manufacture methamphetamine in violation of  21 U.S.C.

§§ 841(a)(1), 841(b)(1)(B), and 846; Count Two, possession of pseudoephedrine for use in the

---

[1]Because the record conclusively shows that Defendant is not entitled to relief, the Court
decides his motion without conducting an evidentiary hearing.  *See Engelen v. United States*, 68
F.3d 238, 240 (8th Cir. 1995)(citations omitted)(holding that a petition under § 2255 can be
dismissed without a hearing if the petitioner's  allegations, accepted as true, would not entitle the
petitioner to relief, or if the allegations cannot be accepted as true because they are contradicted
by the record, inherently incredible, or conclusions rather than statements of fact).

manufacture of methamphetamine in violation of 21 U.S.C. § 841(c)(2); Count Three, possession

of materials used to manufacture a controlled substance in violation of 21 U.S.C. §§ 843(a)(6),

843(d)(2), and 18 U.S.C. § 2; Count Four, use of a firearm in furtherance of a drug trafficking

crime in violation of 18 U.S.C. § 924(c)(1)(A)(I); Count Five, possession of a

machine gun in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(B)(ii); and

Count Six, possession of a machine gun in violation of Title 18 U.S.C. § 922(o)(1).

On July 27, 2009 Defendant entered a plea agreement with the Government and pled

guilty to Count Five:  possession of a machine gun in furtherance of drug trafficking, in violation

of 18 U.S.C. § 924(c)(1)(B)(ii).  Section 924(c) provides that any person who in furtherance of a

drug trafficking crime possesses a firearm shall, in addition to the punishment provided for such

drug trafficking crime,  be subject to enhanced penalties enumerated in the statute.  Section

924(c)(1)(B)(ii) provides that if the firearm possessed is a machine gun, the person shall be

sentenced to a term of imprisonment of not less than 30 years.

On December 11, 2009, the Court sentenced Defendant to 360 months' imprisonment and

five years of supervised release.   Defendant filed a *pro se* notice of appeal from the judgement

and commitment, and his appointed counsel filed an appellate brief  pursuant to *Anders v.*

*California*, 386 U.S. 738 (1967) and a motion to withdraw as counsel.  Defendant did not file a

*pro se* brief.   The Eighth Circuit granted counsel's motion to withdraw and affirmed this

Court's judgment, finding that the Court committed no error in sentencing.  The Court of

Appeals noted that the Government had not filed a motion for a sentence reduction based on

substantial assistance, Defendant did not qualify for safety-valve relief, and the Court had no

authority to impose a sentence below the statutory minimum.

Although Defendant did not file a supplement to counsel's *Anders* brief before the Eighth Circuit entered judgment, he did file a petition for rehearing, which was denied. In his petition, Defendant argued that (1) the record is void of evidence to support that he used a machine gun in furtherance of drug trafficking, (2) the appellate panel failed to evaluate "the misconduct of the Court, Prosecutor, and Defense counsel in light of the paucity of evidence on crimes charged," and (3) the district court failed to inquire into Defendant's understanding of the terms and meaning of the plea agreement and his understanding of "the U.S.C. codes in relation to the evidence of crimes charged." *United States v. Chandler*, No. 10-1011 (8th Cir.)( Pet. Reh'g filed June 28, 2010).

In support of his present motion under 28 U.S.C. § 2255, Defendant asserts that (1) his conviction was obtained by a guilty plea that was unlawfully induced or not made voluntary with the understanding of the charge and consequences of the plea, (2) he received ineffective assistance of counsel, (3) the Court erred by failing to provide him adequate information during the plea colloquy, and (4) his conviction was obtained by the use of evidence gained pursuant to an unconstitutional search and seizure.

**Guilty Plea**

Defendant states that at the time of his guilty plea he lacked an understanding of the "elements and/or particulars" of the crime charged. During the change of plea hearing, the Court first engaged Defendant in dialogue and found him competent to proceed. Plea Hr'g Tr. at 2-3, ECF No. 175. Defendant testified that he had received a copy of the second superseding indictment against him and had fully discussed the case with his attorney. *Id*. Count Five of the second superseding sets forth the elements of the crime charged: "On or about November 8,

2007 . . . in furtherance of a drug trafficking crime as charged in Count 1, 2, and 3 of the Second

Superseding Indictment, knowingly possessed a machine gun, to wit: One Colt AR-15 Sporter II,

.223 rifle, serial number SP323331 in violation of [18 U.S.C. § 924(c)(1)(B)(ii)]." Docket entry

#82, at 3.

Defendant acknowledged his understanding that the crime set forth in Count Five was a

felony and that if his guilty plea were accepted, he would be adjudged guilty just as though a

jury had found him guilty beyond a reasonable doubt. *See* Plea Hr'g Tr. at 6. Defendant further

acknowledged his understanding that he had a right to plead not guilty, in which case the

Government would have to his guilt beyond a reasonable doubt. *Id.* Defendant also

acknowledged that if he pleaded not guilty, he would have the right to a trial by jury and the

right to call and cross examine witnesses, and he could not be compelled to testify against

himself.

During the plea hearing, the Government stated what it would be prepared to prove at

trial with respect to the charge set forth in Count Five:

> Your Honor, from in and about 2004 through February 2008, the defendant
> conspired with other persons, known and unknown, to manufacture
> methamphetamine. In furtherance of the conspiracy to manufacture
> methamphetamine and to advance or promote the commission of the crime, on or
> about November 8th, 2007, the defendant knowingly possessed a machine gun, that
> being one Colt AR-15 Sporter II, .223 rifle, Serial No. SP323331. The Colt AR-15
> described above was tested by an expert from the Federal Bureau of Alcohol,
> Tobacco, Firearms and Explosives and found to be a machine gun under Title 26
> United States Code 5845(b).

Plea Hr'g Tr. at 10-11. Defendant testified that the foregoing statement, which includes the

elements of the crime charged in Count Five, was substantially correct. *Id.* Finally, the plea

agreement entered by Defendant sets forth in detail the elements of the crime charged in Count

Five. *See* docket entry #153, ¶ 2. The Court finds that Defendant was fully informed of the elements of the offense of possession of a machine gun in furtherance of drug trafficking.

Defendant asserts that the Court failed to tell him that in the event that the Court rejected the plea agreement recommendations, he would not be permitted to withdraw his guilty plea. Defendant also contends that the Court told him that he was eligible for a sentence reduction based on acceptance of responsibility, but at sentencing the Court told him the Sentencing Guidelines did not apply.

Before Defendant entered his guilty plea, at the Court's request, the Government described the terms of the plea agreement and stated the statutory penalty for the offense as follows:

> The parties have reached agreement whereby the defendant will enter a plea of guilty to possession of a machinegun in furtherance of drug trafficking in Count 5 of the superseding indictment. The statutory penalty for that offense is the -- the maximum penalty in Count 5 is not less than 30 years' imprisonment, not more than 5 years' supervised release, a fine and $100 special assessment. The stipulation is to the statutory minimum sentence, 30 years' incarceration. The defendant is eligible for the reduction for acceptance of responsibility if the offense is a level 16 or greater. United States will make motion for third point at sentencing. Stipulate that no other
> enhancement or reductions under Chapter 3 of the guidelines shall apply.

Plea Hr'g Tr. at 4-5. The Government further reported a threshold issue for cooperation that concerned the disappearance of an individual named Kenny Moss and that Defendant was required to give information and pass a polygraph test on that issue before any further cooperation or reduction would be considered. The Government emphasized that cooperation would be at Defendant's discretion and would not be compelled. *See* Plea Hr'g Tr. at 5.

The Court inquired whether Defendant agreed that the Government correctly described the plea agreement, and Defendant answered, "Yes, Ma'am." *Id*. Defendant also acknowledged

that the Government's description was complete, that no one was trying to force him to plead guilty, and that the Court was not a party to the plea agreement. *Id.*

The Court inquired whether Defendant understood that the maximum penalty for the charge set forth in Count Five was life imprisonment and that the minimum penalty was no fewer than 30 years' imprisonment. Plea Hr'g Tr. at 7. To this question, Defendant answered, "Yes, ma'am." *Id.*

After explaining the statutory penalties, the Court explained: "Now, under the Sentence Reform Act of 1984, there are sentencing guidelines that judges have to consider in determining a sentence in a criminal case. Sometimes, though, for weapons charges the guidelines work a little differently. But do you understand that the Court won't be able to determine your guideline sentence until after the presentence report has been written?" Plea Hr'g Tr. At 9. Again, Defendant responded, "Yes, ma'am." *Id.* Next, the Court informed Defendant that the Court could impose a sentence that is either more severe or less sever than called for in the guidelines, and Defendant responded that he understood. *Id.* Finally, the Court asked Defendant: "Do you understand that if the sentence that you receive as a result of this guilty plea is more sever than you expect, you will still be bound by the guilty plea and will have no right to withdraw it?" Plea Hr'g Tr. at 10. Defendant responded, "Yes, ma'am." *Id.*

The Court finds that Defendant was fully informed of the consequences of his guilty plea as it related to his sentence and that his guilty plea was voluntarily and intelligently made.

**Ineffective Assistance of Counsel**

Defendant asserts that he received ineffective assistance of counsel from Cathleen Compton. On May 9, 2008, the Court substituted Compton as Defendant's counsel of record.

Subsequently, Compton filed several motions on Defendant's behalf--including a motion to suppress evidence, a motion for a psychiatric exam, a motion to dismiss Counts One and Two, and a motion in limine--and she represented Defendant during the June 27, 2009 change of plea hearing. On August 27, 2009, Compton moved with withdraw as attorney of record, stating that she had accepted other employment and would not continue in private practice. On August 31, 2009, the Court granted Compton's motion to withdraw, and on September 9, 2009, Mark F. Hampton took over as Defendant's counsel of record.

To establish ineffective assistance of counsel, Defendant must prove (1) deficient performance--that his counsel's representation fell below an objective standard of reasonableness; and (2) prejudice--that but for counsel's unprofessional errors, the result of the proceeding would be different. *See Strickland v. Washington*, 466 U.S. 668, 688-694, 104 S. Ct. 2052, 2064-2068 (1984). In order to satisfy the prejudice requirement, Defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366 (1985).

Defendant alleges that Compton failed to make the elements of the crime charged in Count Five clear to him, which negates a finding that his guilty plea was based on a conscious, informed, and self-determined choice. Defendant states that the machine gun referenced in Count Five was actually "a legally structured semi-automatic" located inside a locked gun cabinet, and it could not have been possessed or used as a machine gun because "the [sear] device the government claimed was used to turn the weapon into a fully automatic machine gun . . . was found three or four hours after petitioner was taken into custody." Petition at 7.

7

Defendant reports that the aforementioned sear device was found in a closed and secured duffle bag located in a shed 150 feet behind his house. *See* Petition at 8. According to Defendant, the evidence clearly shows that the semi-automatic weapon in a locked gun cabinet and the sear device located in a shed "could not be legally . . . construed as a machine gun in relation to the charged offense." Petition at 9. Defendant states that he "pointed this out several times to counsel . . . and she said she'd check on it but was quite sure it would have no outcome on the case, was irrelevant, and thereby useless." Petition at 9-10.

"'While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings.'" *Nguyen v. United States,* 114 F.3d 699, 703 (8th Cir. 1997)(quoting *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir.1985)). Before entering his guilty plea, Defendant acknowledged that he had fully discussed the case with his attorney and that he was satisfied with her advice. *See* Plea Hr'g Tr. at 3. For reasons previously stated, the record demonstrates that Defendant was fully informed of the elements of the crime to which he pleaded guilty, and Defendant's recollection that he "pointed out" his defense theory to Compton several times tends to negate his claim that he did not understand the nature of the crime charged in Count Five.

To establish that a defendant possessed a firearm within the meaning of § 924(c), the government need not prove that the defendant physically possessed the firearm–proof of constructive possession is sufficient. Additionally, the statutory definition of "machine gun" includes "any combination of parts from which a machine gun can be assembled if such parts are in the possession or under the control of a person." 26 U.S.C. § 5845(b). Counsel's decision not

to pursue a defense based on the separation and location of machine gun components was within the range of professionally reasonable judgments and does not support a finding of deficient performance.

**Unconstitutional Search and Seizure**

Finally, Defendant asserts that his conviction was obtained by the use of evidence gained from an illegal search of his home on November 8, 2007. On July 28, 2008, Defendant, through attorney Compton, filed a motion to suppress evidence related to the November 8, 2007 search. By order entered August 26, 2008, the Court denied Defendant's motion to suppress evidence. Defendant did not reserve his right to appeal the denial of his motion to suppress when he pled guilty, and he did not raise the issue on appeal. Defendant has failed to establish ineffective assistance of counsel, and his unconditional guilty plea foreclosed his challenge to the search and seizure of evidence. *See United States v. Jennings*, 12 F.3d 836, 839 (8th Cir.1994) (declining to address search-and-seizure claims where defendant entered into unconditional guilty plea, which waived all non-jurisdictional challenges to his conviction).

For the reasons stated, Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (docket entry #187) is DENIED.

IT IS SO ORDERED THIS 1ST DAY OF AUGUST, 2012.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE